## PROCEDURE FOR ENFORCEMENT OF STATUTORY LIABILITY OF TRUSTEES.

Circuit Court of Summit County.

THE AKRON PRINTING & PAPER COMPANY v. SUPERIOR COUNCIL CHEVALIERS.

Decided, 1907.

*Action to Subject Liability of Trustees of Corporation Not for Profit—Procedure.*

An action to subject the statutory liability of trustees of a corporation not for profit, stands on the same footing as a stockholder's liability suit, and is governed as to matters of procedure by Section 3261, *et seq.*, Revised Statutes.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties here stand as they stood below and the error assigned is upon the sustaining of a demurrer to the petition. Upon careful consideration we think the action to subject the statutory liability of trustees of a corporation not for profit, is placed by statute on the same footing as a stockholders' liability

suit, and that it is governed as to matters of procedure by Section 3261 *et seq.* (92 O. L., 361). There are some anomalies in this practice as to joinder of causes of action and parties, but the statute must of course prevail. The demurrer should therefore have been overruled if this petition conforms to the practice thus defined, and if it presents no other defect. We think it does conform to the statute, but we have had grave doubt whether it is otherwise impervious to demurrer.

It counts upon an account stated and a subsequent open account without, however, reciting the items of the account, or making the exhibit containing it a part of the petition. It then connects the defendant trustees therewith by averring that when the "items" of said indebtedness "accrued" the individual defendants were trustees of the corporation. If this means items of the *account* there is no account pleaded and the petition is bad. If the account stated can be called an item of the indebtedness that objection is cured. If the word "accrued" means *incurred,* or *became a part of the claim asserted,* instead of *matured,* as is ordinarily its signification, that difficulty is likewise removed. It is perhaps a strained construction that will save the petition but we construe the petition liberally and hold that it states a cause of action *prima facie.*

The judgment will therefore be reversed and the cause remanded.